IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK STEVEN BAGWELL | § | |
| VS. | § | CIVIL ACTION NO. 5:14cv153 |
| WARDEN SCOTT YOUNG | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Mark Steven Bagwell, an inmate confined within the Bureau of Prisons ("BOP), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner contends the BOP has failed to properly grant him credit towards his federal sentence for time spent in state custody.

<u>Analysis</u>

A federal prisoner seeking relief in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 must exhaust his administrative remedies within the BOP prior to filing his petition. *Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). The BOP, which administers the prison where the petitioner is incarcerated, has a four step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner

---

[1] Pursuant to the written consent of the parties, this matter has been assigned to the undersigned United States Magistrate Judge for all proceedings, including entry of judgment.

must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using a BP-11 form. 28 C.F.R. § 542.15.

The respondent contends petitioner has failed to exhaust his administrative remedies concerning the claim raised in the petition. In support of this contention, the respondent has submitted a declaration from James D. Crook, a supervisory attorney employed by the BOP. Mr. Cook states petitioner has not sought any administrative remedies while in the custody of the BOP and that, specifically, petitioner has not sought any administrative remedies concerning credit towards his federal sentence for time spent in state custody.

After reviewing the declaration of Mr. Cook and additional documentation submitted by the respondent, the Court concludes petitioner did not exhaust his administrative remedies prior to filing his petition. As a result, his petition must be dismissed. Petitioner will be free to refile his petition after exhausting his administrative remedies.

## Conclusion

For the reasons set forth above, the Court is of the opinion that this petition for writ of habeas corpus must be dismissed for

failure to exhaust administrative remedies.  An appropriate final judgment shall be entered.  Petitioner will be free to refile his petition after exhausting his administrative remedies.

**SIGNED this 28th day of October, 2015.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE